UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DWAYNE PARKER-EL,<br><br>        Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK; JEFFREY PRUZAN, *Assistant District Attorney*; LAWRENCE ARATO, P*robation Officer*; LAVERNE EBRON, *Supervising Probation Officer*; ROSA PEREZ, *Probation Officer*; DENISE MABRY; Maritza Hernandez, *Probation Officer*; Douglas LaMotta; *Probation Officer*,<br><br>        Defendants. | 19-CV-1639 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, appearing *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated March 25, 2019, the Court directed Plaintiff to file an amended complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint, and the Court has reviewed it. The amended complaint is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

In the original complaint, Plaintiff alleged that on July 30, 2014, he was wrongfully convicted of four Class B misdemeanor charges in Bronx County Criminal Court.[1] On October 30, 2014, that court sentenced Plaintiff to 90 days in prison and three years' probation. Plaintiff alleged that he served "545 pretrial days of imprisonment" before he was released under supervision. (ECF No. 2 at ¶¶ 14-15.) Plaintiff reported to probation under duress, and he explained that the sentence of probation was illegal "due to the length of his sentence of imprisonment, which was 90 days." (*Id.* at ¶ 17.) Defendants failed to investigate Plaintiff's claim that he should not be under supervision, although he repeatedly asked them to. (*Id.* ¶¶ 19) Plaintiff "served an invalid sentence of probation for 16 months before it was finally set aside on February18, 2016." (*Id.* ¶ 23.)

By order to amend dated March 25, 2019, the Court directed Plaintiff to file an amended complaint, because: (1) he had failed to allege that the probation officers had violated his constitutional rights or had a duty to investigate his allegations; (2) the prosecutor was immune from suit; (3) there were no facts suggesting that the City of New York should be held liable for what occurred; and (4) his complaint appeared to be untimely.

Plaintiff filed an amended complaint on May 24, 2019. It is not substantially different from the original complaint. In it, Plaintiff asserts that he repeatedly complained to Defendants

---

[1] Plaintiff previously filed a complaint under § 1983 challenging the legality of that arrest and seeking damages. *See Parker-El v. Morales*, No. 13-CV-6996 (RWS) (S.D.N.Y. Jan. 18, 2017) (dismissed pursuant to a voluntary stipulation).

that the term of probation had been improperly imposed, but no one acted upon his objections. While on probation, Plaintiff was subjected to drug testing, home visits, and other violations of his privacy. According to Plaintiff, the cause of action accrued on February 18, 2016, when the sentence was vacated. (ECF No. 5 ¶¶ 31-44.)

## DISCUSSION

The amended complaint is dismissed for the same reasons set forth in the March 25, 2019 order to amend. In short summary, Plaintiff apparently sought relief in the state court, and his sentence was vacated on February 18, 2016. Plaintiff fails to show that the probation officers had a duty to act on his complaints, or that their failure to do so rose to the level of a constitutional violation. In addition, the amended complaint does not set forth facts supporting a municipal liability claim against City of New York, or suggesting that the prosecutor is not immune from suit. Finally, Plaintiff's cause of action under § 1983 accrued on or about October 30, 2014, the date the sentence was imposed, and not on the date the sentence was vacated. *See Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (holding that Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim).[2] Plaintiff provides no facts suggesting that the statute of limitations should be equitably tolled.

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the

---

[2] Even if this action had been timely filed, the facts alleged do not give rise to any viable claims under § 1983.

defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 14, 2019
        New York, New York

                                                COLLEEN McMAHON
                                           Chief United States District Judge